IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL LYNN COWAN, | ) | Case No. 3:17-cv-1128 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| RHONDA RICHARD, WARDEN, | ) | |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

## I. Introduction

Currently before me is the petition of Darrell Lynn Cowan, Ohio Inmate #699-979, for a writ of habeas corpus under 28 U.S.C. § 2254.[1]  Respondent filed an answer/return of writ.[2]  The matter was automatically referred for preparation of a report and recommendation on June 30, 2017.

On April 10, 2014, an Ohio jury found Cowan guilty of aggravated trafficking in drugs. On April 15, 2014, Cowan was sentenced to serve a prison term of 11 years.[3]  Cowan is currently incarcerated at the Madison Correctional Institution.[4]

Cowan's petition raises two grounds for relief.[5]  On October 6, 2017, respondent filed a return of writ.  Cowan filed a traverse on January 11, 2018 and respondent filed a sur-reply to the

---

[1] ECF Doc. 1.
[2] ECF Doc. 8-1 at 76.
[3] ECF Doc. 8-1 at 79-81.
[4] https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A699979 (Last visited 4/4/19)
[5] ECF Doc. 1.

traverse on January 26, 2018.  Because Cowan's grounds for relief are untimely, procedurally defaulted, lacking merit and/or present only noncognizable issues, I recommended that his petition be DISMISSED with prejudice.

## II.    Procedural History

### A.    Original Proceedings Leading to Conviction

On September 18, 2013, Cowan was indicted on one count of aggravated trafficking in violation of Ohio Rev. Code § 2925.03(C)(1)(f) with a major drug offender specification and a forfeiture of money specification.  ECF Doc. 8-1 at 46-48.  An attorney was appointed to represent Cowan.  Before trial, Cowan sent a letter to the trial court requesting that his counsel be replaced.  ECF Doc. 8-2 at 284-285.  The trial court denied Cowan's request in a judgment entry and order dated April 7, 2014.  ECF Doc. 8-1 at 50-51.

Prior to trial, the state moved to amend the indictment to "reflect a SCHEDULE II, rather than a I as indicted."  ECF Doc. 8-1 at 52.  Cowan did not object and the trial court granted the motion on April 14, 2014.  ECF Doc. 8-1 at 54.

The case went to trial.  When the state rested, Cowan's attorney moved for acquittal under Ohio Crim. R. 29.  ECF Doc. 8-1 at 55.  He renewed the motion after resting defendant's case.  *Id.*  The court granted defendant's request for a jury instruction on the affirmative defense of duress.  ECF Doc. 8-1 at 68-69.  The jury found Cowan guilty on the sole charge, with the additional finding of a sufficient weight of drugs necessary to support the major drug offender specification and the forfeiture specification.  ECF Doc. 8-1 at 76-78.  The trial court sentenced Cowan to a mandatory 11 year prison term.  ECF Doc. 8-1 at 79-81.

### B.     Direct Appeal

The trial court appointed new counsel to represent Cowan on appeal.  ECF Doc. 8-1 at 83.  Cowan filed a notice of appeal with the Sixth District Court of Appeals on April 30, 2014.  ECF Doc. 8-1 at 85.  Cowan raised the following assignments of error on direct appeal:

> FIRST ASSIGNMENT OF ERROR:  The Appellant was denied his right to counsel as guaranteed by the United States and Ohio Constitutions when the court did not grant trial counsel's motion to withdraw.

> SECOND ASSIGNMENT OF ERROR:  The trial court abused its discretion in denying trial counsel's motion to withdraw as counsel.

> THIRD ASSIGNMENT OF ERROR:  Appellant's conviction is against the manifest weight of the evidence.

> FOURTH ASSIGNMENT OF ERROR:  The trial court abused its discretion when it allowed the admission of evidence in violation of Evid. R. 609 over trial counsel's objection.

ECF Doc. 8-1 at 88.   The court of appeals affirmed the trial court's judgment on May 29, 2015.  ECF Doc. 8-1 at 135-146.

On July 13, 2015, Cowan filed a *pro se* appeal notice in the Ohio Supreme Court.  ECF Doc. 8-1 at 147.  Cowan's memorandum in support of jurisdiction asserted the following propositions of law:

> PROPOSITION OF LAW I:  The appellant was denied his right to effective counsel as guaranteed by the U.S. and Ohio Constitutions where trial counsel did not present or pursue existing evidence proving appellant's family was under continuous and serious threat nor presenting that despite prior felony, appellant did not carry a gun – a requirement indicative of a member of a vicious Mexican drug cartel.

> PROPOSITION OF LAW II:  The felony trial court has no proof that defendant is a member of the Mexican drug cartel; they fail to disprove ongoing distress against Appellant's family, nor does the trial court have jurisdiction to find appellant a member of a violent Mexican drug cartel as this appellant's Sixth Amendment right to be informed by indictment of this issues has been violated. The court cannot enhance or determine charges against the appellant without that issue having been determined by a jury.

ECF Doc. 8-1 at 150.  On September 30, 2015, the Ohio Supreme Court declined jurisdiction and

denied leave to appeal.  ECF Doc. 8-1 at 175.  No further action was taken on Cowan's direct

appeal.

### C.    Post-Conviction Relief

While his direct appeal was pending, Cowan filed a *pro se* petition for post-conviction

relief on November 10, 2014, raising three grounds for relief:

GROUND FOR RELIEF I:  ineffective assistance of counsel;

GROUND FOR RELIEF II:  Cowan was disadvantaged by judicial prejudicial
action; and

GROUND FOR RELIEF III:  inadequate jury instructions presented only for
finding of guilty as a major drug supplier with no alternative that the defendant
was only a mule pressed into service by the vicious threats of a cartel.

ECF Doc. 8-1 at 179-181.  The trial court denied Cowan's petition on April 23, 2015.  ECF Doc.

8-1 at 185-187.  Cowan did not appeal this decision.

### D.    Ohio Appellate Rule 26(B) Application to Reopen Direct Appeal

On August 19, 2015, Cowan filed a *pro se* Ohio App. R. 26(B) application to reopen his

direct appeal.  ECF Doc. 8-1 at 189.  Cowan alleged his appellate counsel was ineffective for

failing to raise the following assignments of error on direct appeal:

Appellant was not indicted for being a member of a violent Mexican drug cartel
gang.  Using this issue against him as proof of, or monetary enhancement of, his
sentence not only violates his Sixth Amendment right to trial by jury but also his
Fifth Amendment right against imprisonment.

Failure to present duress defense directly due to ineffective assistance of trial
counsel which violates Sixth Amendment right to effective assistance of counsel.

Appellant was disadvantaged by judicial prejudice.

4

ECF Doc. 8-1 at 190, 193, 196.  On February 4, 2016, the Ohio Court of Appeals determined that

Cowan had failed to demonstrate a genuine issue as to whether he received ineffective assistance

of counsel and denied his motion to reopen his direct appeal.  ECF Doc. 8-1 at 200.

Cowan filed a timely notice of appeal with the Ohio Supreme Court on March 10, 2016.

ECF Doc. 8-1 at 205.  He filed a memorandum in support of jurisdiction raising these

propositions of law:

1.  When an appellant not indicted for being a member of a violent Mexican Drug
    Cartel gang, can this issue be used against him as proof of, or monetary
    enhancement of, his sentence in violation of his Sixth Amendment right to trial
    by jury and his Fifth Amendment right against imprisonment without
    indictment;

2.  A failure to present duress defense as an alibi to the state is directly due to
    ineffective assistance of trial counsel which violates Sixth Amendment right to
    effective assistance of counsel; and

3.  Appellant was disadvantaged by judicial prejudice.

ECF Doc. 8-1 at 208.  On May 18, 2016, the Ohio Supreme Court declined jurisdiction.  ECF

Doc. 28 at 226.  Cowan did not file a petition for certiorari in the United States Supreme Court.

## III.  Federal Habeas Petition

On May 22, 2017, Cowan placed his *pro se* petition for a writ of habeas corpus in the

prison mail system.  Although not filed until May 27, 2017, under the prison mailbox rule, it is

considered filed on the day he placed it into the prison mail system.  His petition raises two

grounds for relief:

**GROUND ONE:**
Right to Effective Counsel – Court refused to allow Defense Counsel to withdraw.

**SUPPORTING FACTS:**
Available in trial transcript:  Appointed counsel did not pursue a question of
evidence to show that Appellant tried to get his family out of danger.  Did not
pursue why part of the Audio from the D.E.A. arrest was not available when the
appellant was questioned beside the Toyota Tacoma out side the hotel at the

5

beginning of the arrest.  Did not protest the judge stopping the trial for side bar to assist the prosecutors cross examining the state witness about knowing about the situation of the family when the answer would have shown perjury to previous statement.  Did not pursue the questioning to bring out the perjury.  Did not try to show that appellant was not a willing member of a Mexican Cartel.  Did not try to stop the prosecution from continually saying that the appellant was a high ranking member of a Mexican Cartel.

**GROUND TWO:**
The state presented evidence of prior bad acts not related to current offense. Defense counsel did not object.

**SUPPORTING FACTS:**
See trial transcript:  The prior bad act was committed over 10 years prior.  The appellant was punished for this at the time and completed 100 percent of the punishment without mishap.  This came forth only because the appellant was not trying to hide anything.

ECF Doc. 1.

## IV. Law and Analysis

### A. Factual Background

We begin with the factual determinations from the Ohio courts.  Factual findings of state courts are presumed correct unless a petitioner rebuts them with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell,* 708 F.3d 760, 775 (6th Cir. 2013).  The Ohio Court of Appeals made the following findings of fact:

{¶ 2}   On September 18, 2013, the Wood County Grand Jury indicted appellant on one count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(1) and (C)(1)(f), with a major drug offender specification.  The charges were based on appellant's conduct on September 10, 2013, when he sold eight kilograms of methamphetamines to an undercover agent.

{¶ 3}   Because appellant was indigent, the trial court appointed an attorney to represent him.  Thereafter, appellant entered a plea of not guilty, and the matter proceeded towards a jury trial scheduled to begin on April 9, 2014.

{¶ 4}   On April 4, 2014, the trial court held a hearing in response to a handwritten letter from appellant in which he requested that his appointed counsel be terminated.  Appellant asserted in the letter that counsel had expressed problems with the prosecutor, had not pursued or verified some parts of his

6

defense, had not informed appellant of the status of the case, and seemed more concerned with the clothes that appellant would be wearing to court. Appellant concluded that he was not receiving fair representation from appointed counsel. At the hearing, appointed counsel disputed the allegations in the letter, but nonetheless advocated that the fact of the request indicated a serious breakdown in the attorney-client relationship that was irreversible and that would affect her ability to present the anticipated defense.

{¶ 5}  Upon considering the motion and the arguments, the trial court denied appellant's request. The court noted that there had been a recent trend at the Wood County Justice Center of defendants waiting until a week before trial to request new counsel in an effort to get the trial delayed so that, if sentenced, the defendant would get credit for local time rather than prison time. In response to appellant's specific request, the court concluded that the request was unreasonable and a delay tactic because the trial date had been set since December, the matters contained in the letter were not substantial issues, appellant had not indicated a problem with counsel at any prior time, and the record revealed that counsel had zealously represented appellant up to that point with appellant's cooperation.

{¶ 6}  Thereafter, a jury trial commenced on April 9, 2014. At the trial, the state presented evidence in the form of testimony from the undercover agent who arranged the sale and purchased the drugs, and other agents who were present at the sale and arrest. The state also presented audio recordings of the drug transaction, surveillance video of the transaction, the drugs, and the money given by the agent to appellant prior to the purchase of the drugs.

{¶ 7}  Following the state's presentation of evidence, appellant took the stand in his own defense. Appellant admitted to selling the drugs to the undercover agent, but testified that he did so under duress. Appellant, a United States citizen, stated that he lived with his family in Mexico, and was in the process of applying for citizenship for his wife and stepson. He testified that, approximately two to three years ago, he was approached at his home by a man named Edgar who represented that he worked for a drug cartel. Edgar demanded that appellant transport money in the United States for the cartel or else there would be trouble for appellant's family. Appellant testified that Edgar was carrying a gun when he made this threat. Thereafter, appellant was forced to quit his job in the oil industry and began transporting cash across the United States. Appellant also rented spaces in Texas for the cartel to store its drugs. Appellant testified that he was compensated by the cartel for his efforts.

{¶ 8}  Regarding the incident that led to his arrest, appellant testified that it was the first time he had transported drugs. Appellant stated that he objected when he was told by Edgar that he would be transporting drugs, but Edgar responded by threatening his family. Specifically, appellant testified that Edgar said, "You are in Dallas. I am in Mexico, Reynosa, with your family, so you need to take the Meth to Atlanta."

7

{¶ 9}   After he was arrested, appellant was cooperative with the agents, offering to provide information or attempt to set up a meeting with Edgar.  Appellant testified that he asked to be compensated for his cooperation so that he could help his family by getting them money to move to a safe location.  Notably, the agents that spoke with appellant after his arrest testified that appellant never mentioned that his family was in danger or that he was trafficking the drugs out of fear for his family's safety.

{¶ 10}  On cross-examination, over objection, appellant acknowledged that he had a prior felony conviction for trafficking 204 pounds of marijuana.  Appellant later revealed that he was released from prison on that charge in 2008, after which he was able to obtain legitimate employment until being approached by Edgar.

{¶ 11}  Following the presentation of evidence, the jury deliberated and shortly thereafter found appellant guilty of the crime as charged. The trial court immediately moved to a forfeiture hearing, after which the jury found that appellant's truck and $592 were subject to forfeiture.  Following the forfeiture hearing, the trial court proceeded to sentencing and imposed the mandatory sentence of 11 years in prison and a $10,000 fine.

*State v. Cowan,* 6th Dist. Wood No. WD-14-026, 2015-Ohio-2101.

### B.      Statute of Limitations

Warden Richard moves to dismiss Cowan's petition, claiming it is time-barred under 28 U.S.C. § 2244(d)(1).  As amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[6]  28 U.S.C. § 2244(d)(1) provides that a person in custody under a judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[6] Pub. L. No. 104-132, 110 Stat. 1214.

(D) the date on which the factual predicate of the claim or claims presented could
have been discovered through the exercise of due diligence.

Subsection (A) is regarded as the principal statute of limitations for pursuit of habeas petitions under AEDPA. Subsections (B), (C) and (D) assign later statute of limitations commencement dates under the specified conditions.

Here, 28 U.S.C. § 2244(d)(1)(A) governs the commencement day of Cowan's limitation period. Under subsection (A), cases become final on direct review when the United States Supreme Court denies a petition for writ of certiorari or time to file a certiorari petition expires. *Lawrence v. Florida,* 549 U.S. 327, 333 (2007), citing *Clay v. United States,* 537 U.S. 527-528, n.3 (2003).

### 1.   Commencement of Limitation Period

The Ohio Supreme Court denied review of Cowan's direct appeal on September 30, 2015. ECF Doc. 8-1 at 171. Cowan had 90 days to file a petition for writ of certiorari with the U.S. Supreme Court. When he failed to do so, his conviction became final. Thus, it became final for § 2254 purposes ninety days later, on December 29, 2015. The statute of limitations began to run on the following day, December 30, 2015, and would have expired one year later on December 30, 2016, absent application of the statutory tolling provision in 28 U.S.C. § 2244(d)(2) or other tolling principles. Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000). Cowan's habeas petition was filed on May 22, 2017. ECF Doc. 1.

### 2.   Statutory Tolling

28 U.S.C. § 2244(d)(2) "provides for statutory tolling of the limitations period during the pendency of properly filed motions for state post-conviction relief, or other collateral review." See *Artuz v. Bennett,* 531 U.S. 4, 8-9 (2000). "The [statutory] tolling provision does not . . .

'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run."  *Vroman v. Brigano*, 346 F.3d 598, 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).  Once the limitations period has expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.  *Keeling v. Warden, Lebanon Correctional Inst.,* 673 F.3d 452, 460 (6th Cir. 2012).

In *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), the United States Supreme Court explained that a state application for post-conviction relief is "properly filed" within the meaning of Section 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing.  The Sixth Circuit has held that an Ohio prisoner's post-conviction relief application which was dismissed on timeliness grounds is not considered "properly filed" and therefore does not toll the limitations period.  *Vroman,* 346 F.3d at 603.

Cowan's post-conviction relief proceedings concluded on April 23, 2014, before the Ohio Supreme Court declined jurisdiction and before his AEDPA limitations period began to run.  Thus, the pendency of the post-conviction petition had no effect on the AEDPA statute of limitations.  However, his Ohio App. R. 26(B) application to reopen was pending at the time he sought Ohio Supreme Court review of his direct appeal and did toll the AEDPA statute of limitations under § 2244(d)(2) until the date the state court collateral review concluded on May 18, 2016.  ECF Doc. 8-1 at 226.

Cowan's AEDPA statute of limitations began running the next day, May 19, 2016 and expired one year later on Friday May 19, 2017.  Three days later, Cowan placed his writ of habeas petition in the prison mailing system on May 22, 2017.  ECF Doc. 1 at 15.

Cowan argues that the AEDPA statute of limitations did not begin to run until 90 days after the Ohio Supreme Court declined jurisdiction on his App. R. 26(B) appeal on May 18, 2016.  ECF Doc. 10 at Ex. 3-4.  In other words, he argues that he is entitled to the additional time he had to file a petition for writ of certiorari in the U.S. Supreme Court.  However, the Supreme Court has explained that the additional tolling period does not apply to a state's post-conviction procedures.  "State review ends when the state courts have finally resolved an application for state postconviction relief.  * * *  The application for state postconviction review is therefore not 'pending' after the state court's postconviction review is complete."  *Lawrence,* 549 U.S. at 332. The state court's postconviction review was complete on May 18, 2016.  Cowan was required to file his petition on or before May 19, 2017.  Cowan's petition was untimely and, unless the limitations period is tolled for equitable reasons, his petition should be dismissed as barred under AEDPA's statute of limitations.

### 3.    Equitable Tolling

AEDPA's statute of limitations may also be tolled on equitable grounds in certain circumstances.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  "Equitable tolling allows courts to review time-barred habeas petitions provided that a litigant's failure to meet the legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452 (6th Cir. 2012) (internal quotation marks omitted).  A habeas petitioner bears the burden of demonstrating he is entitled to equitable tolling.  *See, e.g., McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).  To do so, the petitioner must show that (1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing."  *Holland*, 560 U.S. at 649; *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011).  If the court finds either

of those requirements lacking, it cannot apply equitable tolling to save an otherwise time-barred habeas claim.

Cowan bears the burden of establishing that he is entitled to equitable tolling.  *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).  Cowan argues that he diligently pursued his rights.  His habeas petition was due on Friday, May 19, 2017.  He filed it on Monday, May 22, 2017.  Arguably, he has diligently pursued his rights.  On the other hand, he waited over a year to file his petition and has not explained what he was doing during that year, why he waited until after the deadline to file, or what prevented him from filing his petition on time.

Cowan must also point to extraordinary circumstances that prevented timely filing.  A petitioner's *pro se* status and his unawareness of the law provide no basis for equitable tolling.  *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).  Here, Cowan has not argued for the application of equitable tolling to save his petition.  He has not identified any extraordinary circumstance that stood in his way and prevented the timely filing of his federal habeas petition.  Rather, Cowan argues that his petition was timely.  The undersigned has no choice but to conclude that this is not a case in which equitable tolling may be applied to excuse petitioner from the AEDPA statute of limitations.

### 4.    Actual Innocence

A sufficient claim of actual innocence can overcome a statute of limitations bar in a habeas case to prevent a fundamental miscarriage of justice.  *McQuiggin v. Perkins*, 569 U. S. 383 (2013).  The Supreme Court noted, however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him

12

guilty beyond a reasonable doubt." *Id*. at 386 (citing *Schlup v Delo*, 513 U.S. 298, 329 (1995)). This fundamental miscarriage of justice "standard is 'demanding' and seldom met." *Id.* And the standard "applies to a severely confined category: cases in which *new evidence* shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id*. at 395 (emphasis added; citing *Schlup*). The Court concluded by noting: "We stress once again that the *Schlup* standard is demanding. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id*. at 401.

Thus, the threshold inquiry is whether "new facts raise [] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court has noted that "actual innocence means factual innocence not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however that the actual innocence exception should "remain rare" and only be applied in the 'extraordinary case.'" *Id.* at 321.

Because Cowan does not argue that he is actually innocent and has not submitted any new evidence, he is not entitled to equitable tolling of his limitations period based on an actual innocence claim.

### 5.      Statute of Limitations Conclusion

Because Cowan filed his habeas petition more than one year after his conviction became final, even after statutory tolling periods are added to the time allowed, his petition is time-barred.  Cowan is not entitled to equitable tolling because he has not shown that he diligently pursued his claims or that an extraordinary circumstance prevented him from filing a timely petition.  Nor has he offered any newly discovered evidence of his actual innocence to justify an equitable exception to the statute of limitations under *McQuiggin*.  For these reasons, I recommend that the court DISMISS Cowan's petition as time-barred.

### C.      Procedural Default/Exhaustion

Warden Richard also argues that Cowan failed to exhaust his Ground One and Two claims by failing to present them on direct appeal.  Under AEDPA, state prisoners must exhaust all possible state remedies, or have no remaining state remedies, before a federal court can review a petition for a writ of habeas corpus.  28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982).  This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  In other words, "the highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims."  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  The exhaustion requirement, however, "refers only to remedies still available at the time of the federal petition."  *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982).  It "does not require pursuit of a state remedy [when] such a pursuit is clearly futile."  *Wiley v. Sowders*, 647 F.2d 642, 647 (6th Cir. 1981).

As argued by Warden Richard, Grounds One and Two may also be procedurally defaulted.  Procedural default is a related but "distinct" concept from exhaustion.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).  It occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available.  *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle*, 456 U.S. at 125 n.28; *Williams*, 460 F.3d at 806.  In determining procedural default, the federal court again looks to the last explained state-court judgment.  *Ylst*, 501 U.S. at 805; *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000).

A petitioner procedurally defaults a claim by failing to "fairly present" the claim in state court and pursuing that claim through the state's "ordinary appellate review procedures," if, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim. *Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition.").  Under these circumstances, while the exhaustion requirement is technically satisfied because there are no longer any state court remedies available to the petitioner, the petitioner's failure to have the federal claims fully considered in the state courts constitutes a procedural default of those claims. *Williams*, 460 F.3d at 806 ("[When] state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review."); *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time

15

of the federal petition,' . . ., it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law' . . . ." (internal citations omitted)).

Here, Cowan arguably raised portions of Grounds One and Two in his direct appeal to the Ohio Court of Appeals.  However, he raised different issues when he requested further review in the Ohio Supreme Court.  Ohio res judicata law precluded him from raising these different issues in the Ohio Supreme Court because he had not raised them in his initial appeal.  Cowan's federal habeas claims are procedurally defaulted, as reflected by the following analysis:

1. Ground One: the court refused to allow defense counsel to withdraw.  **This argument was raised on direct appeal but not in the Ohio Supreme Court.**

Ground One (supporting facts):
   a. Counsel did not pursue a question of evidence to show that Cowan tried to get his family out of danger.  **This argument was not raised in Cowan's initial appeal.  He attempted to raise it in his pro se appeal to the Ohio Supreme Court, but it was barred by the doctrine of res judicata.**
   b. She did not pursue why part of the audio from the D.E.A. arrest was not available when the appellant was questioned beside the Toyota Tacoma outside the hotel at the beginning of the arrest.  **Cowan did not raise this argument in state court.**
   c. She did not object to the trial court stopping the trial for a side bar to assist the prosecutor in cross-examining the state witness about knowing about the situation of the family when the answer would have shown perjury to a previous statement.  **Cowan did not raise this argument in state court.**
   d. She did not pursue questioning to bring out the perjury.  **Cowan did not raise this argument in state court.**
   e. She did not try to show that Cowan was not a willing member of a Mexican cartel.  **Cowan did not raise this issue on direct appeal.**
   f. She did not object to the prosecution's continually saying that the appellant was a high-ranking member of a Mexican cartel.  **Cowan did not raise this argument in state court.**

2. Ground Two: the state presented prior bad acts not related to the current offense.  Defense counsel did not object.  **On direct appeal Cowan argued that the trial court abused its discretion by admitting evidence in violation of Ohio Evid. R. 609.  However, he did not argue that defense counsel failed to object.  In fact, he argued that the court admitted the evidence over counsel's objection. Cowan did not raise this argument in his appeal to the Ohio Supreme Court.**

As can be seen, Cowan's arguments are procedurally defaulted because he failed to raise them in

16

both his initial appeal and his appeal to the Ohio Supreme Court.

A petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice that resulted from the alleged violation of federal law, or that there will be a "fundamental miscarriage of justice" if the claim is not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Id*. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id*. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Cowan argues he exhausted his claims. He cites both his submissions to the Ohio Supreme Court arguing that, between the two of them, he exhausted all of the issues raised in his petition. However, some of the arguments were raised in Cowan's Appellate Rule 26(B) application to reopen direct appeal. These arguments were different than those asserted now because they were framed in the context of appellate counsel's failure to raise them on direct appeal. But they were not raised on direct appeal. Moreover, the court of appeals rejected these arguments stating:

> App. R. 26(B)(1) permits a defendant in a criminal case to apply for reopening of the appeal from a judgment of conviction and sentence based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal. App. R. 26(B)(5).
>
> A defense request for reopening must be assessed under the two-prong analysis found in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *State v. Spivey,* 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998). This requires an appellant to prove (1) that his counsel was deficient for failing to raise

the issues he now presents, and (2) that had he presented those issues on appeal, there was a "reasonable probability" that he would have been successful. *Id.* Appellant "bears the burden of establishing that there was a 'genuine issue' as to whether he had a 'colorable claim' of ineffective assistance of counsel on appeal." *Id.* If the court grants the application, it must appoint counsel to represent the applicant if the applicant is indigent and is not currently represented, and impose conditions necessary to preserve the status quo during pendency of the reopened appeal. App.R.26(B)(6). If the court denies the application, it shall provide the reasons for denial. *Id.*

Appellant first contends that the court enhanced his sentence pursuant to a violation of R.C. 2923.42, participating in a criminal gang. Specifically, appellant contends that a jury never found him guilty of this charge, and therefore his sentence cannot be enhanced. In this regard, appellant is correct. However, appellant's sentence was not enhanced by R.C. 2923.42. Appellant was found guilty of trafficking in drugs with a major drug offender specification, pursuant to R.C. 2925.03(A)(1)(C)(1)(f). This section requires the court to impose a mandatory prison sentence and mandatory fine, identical to the sentence imposed upon appellant. There is nothing in the record to support the contention that appellant's sentence was enhanced for being a member of a violent Mexican drug cartel gang. Appellant's first proposed assignment of error is without merit.

Second, appellant argues that his appellate counsel was ineffective for failing to argue that his trial counsel failed to render effective assistance by advising him not to bring up duress during any pretrial hearing, thereby precluding a jury instruction on the defense of duress. This argument fails for several reasons.

Appellant argues that his trial counsel's performance was so lacking that it precluded the jury from considering his defense of duress. To support this argument appellant cites to a sentence fragment from *United States v. Ibarra-Pino,* 657 F.3d 1000, 1005 (9th Cir. 2011). Appellant argues that "in order for a defendant to present a duress defense at trial and have the jury receive duress instructions, the defendant must make a prima facie showing of duress at a pretrial hearing. * * *" *Id.* at 1004. Notably missing from appellant's brief is the remainder of that sentence, which reads, "or in evidence presented at trial." *Id.*

The record is clear that a duress defense was a major part of the evidence presented at trial by appellant. Following testimony, it is also clear from the record that the jury received instructions on the defense of duress. The jury considered this defense and found the defendant guilty. Even if the defendant was advised by counsel not to present this evidence prior to trial, issues which are arguably a matter of counsel's trial tactics and strategies do not constitute ineffective assistance. *State v. Clayton,* 62 Ohio St.2d 45, 49, 402 N.E.2d 1189 (1980), citing *State v. Lytle,* 48 Ohio St.391, 396, 358 N.E.2d 623 (1976). We therefore find this to be trial strategy that does not rise to the level of ineffective

assistance of counsel.  Thus, appellant's second proposed assignment of error is without merit.

Finally, appellant argues that he was given a maximum sentence due to judicial prejudice.  He references a comment made in a separate case, as well as a short statement by the trial judge during his sentencing hearing.  However, as previously explained, a jury found appellant guilty of trafficking in drugs with a major drug offender specification, pursuant to R.C. 2925.03(A)(1)(C)(1)(f).  The judge was required, by statute, to impose the sentence levied upon appellant.  We cannot agree that prejudice played a role in the actions of the trial judge.  Therefore, appellant's third proposed assignment of error lacks merit.

Having concluded that appellant has failed to demonstrate a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal, appellant's application to reopen his direct appeal is denied.

ECF Doc. 8-1 at 201-204.  Cowan's ineffective assistance of trial counsel arguments lack merit, so they cannot not serve as cause to excuse the procedural default resulting from his failure to raise them on direct appeal.  Nor has Cowan shown actual prejudice.  He cannot overcome the procedural default of his arguments.  None of his arguments were raised both in the Ohio Court of Appeals and the Ohio Supreme Court.  In order to obtain federal habeas review it was necessary that each claim be fully and fairly presented at each level of the state direct review process.  By not raising each argument at both the initial and supreme court levels, Cowan procedurally defaulted them.

Nor has Cowan argued that he was actually innocent.  Cowan failed to exhaust his claims in state court and they are now procedurally defaulted.  Nonetheless, in order to be of greatest assistance to the court, I will proceed to consider the merits of some of his arguments.  Federal courts considering habeas petitions are not required to reach a final conclusion on a procedural default issue before deciding the merits.  *Hudson v. Jones,* 351 F.3d 212, 215 (6th Cir. 2003); *Bales v. Bell,* 788 F.3d 568, 573 (6th Cir. 2015).

D.      **Merits Review/Non-Cognizable Claim**

1.      **AEDPA Standard**

As noted above,  AEDPA governs Cowan's petition for writ of habeas corpus.  *Lindh v. Murphy,* 521 U.S. 320, 336 (1997); *Murphy v. Ohio,* 551 F.3d 485, 493 (6th Cir. 2009). AEDPA, which amended 28 U.S.C. § 2254, was enacted "to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases, and 'to further the principles of comity, finality, and federalism.'"  *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (quoting *(Michael) Williams v. Taylor,* 529 U.S. 420, 436 (2000)).  AEDPA "recognizes a foundational principle of our federal system:  State courts are adequate forums for the vindication of federal rights."  *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013).  It therefore "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court."  *Id.*

One of AEDPA's most significant limitations on district courts' authority to grant writs of habeas corpus is found in § 2254(d).  That provision forbids a federal court from granting habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state court decision either:

(1)  resulted in a decision that was contrary to, or involved an unreasonable
     application of, clearly established Federal law, as determined by the Supreme
     Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the
     facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court has adjudicated a claim "on the merits," and AEDPA deference applies, regardless of whether the state court provided little or no reasoning at all for its decision. *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

"Clearly established Federal law" for purposes of § 2254(d)(1) "is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003). It includes "only the holdings, as opposed to the dicta, of [Supreme Court] decisions." *White v. Woodall,* 134 S. Ct. 1697, 1702 (2014) (internal quotation marks and citations omitted). The state court decision need not refer to relevant Supreme Court cases or even demonstrate an awareness of them; it is sufficient that the result and reasoning are consistent with Supreme Court precedent. *Early v. Packer,* 537 U.S. 3, 8 (2002) (per curiam). And a state court does not act contrary to clearly established law when the precedent of the Supreme Court is ambiguous or nonexistent. *See, e.g., Mitchell v. Esparza*, 540 U.S. 12, 17 (2003) (per curiam).

A state court decision is contrary to "clearly established Federal law" under § 2254(d)(1) only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). And "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

A state court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). The petitioner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 134 S. Ct. at 15; *see also Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2011). This requirement mirrors the "presumption of correctness" AEDPA affords state court factual determinations, which only can be overcome by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The Supreme Court has cautioned, "'a state-court factual determination is

21

not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"  *Burt,* 134 S. Ct. at 15 (quoting *Wood v. Allen,* 558 U.S. 290, 301 (2010)).

The Supreme Court repeatedly has emphasized that § 2254(d), as amended by AEDPA, is an intentionally demanding standard, affording great deference to state court adjudications of federal claims.  The Court has admonished that a reviewing court may not "treat[] the reasonableness question as a test of its confidence in the result it would reach under de novo review," and that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington*, 562 U.S. at 102; *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold.").  Rather, § 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems" and does not function as a "substitute for ordinary error correction through appeal."  *Harrington*, 562 U.S. at 102-03 (internal quotation marks omitted).  Thus, a petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id.* at 103.  This is a very high standard, which the Court readily acknowledges: "If this standard is difficult to meet, that is because it is meant to be."  *Id*. at 102.

### 2.    Ineffective Assistance of Counsel

To prevail on his ineffective assistance claims, Cowan must show that the state court's conclusion was contrary to or unreasonably applied *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).  *Strickland* established the well-known two-pronged test

for ineffective assistance of counsel claims: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Id.* at 687. Cowan cannot satisfy either *Strickland* prong.

The proper standard for attorney performance is "reasonably effective assistance." *Id.* To succeed, Cowan must demonstrate that his attorney's "representation fell below an objective standard of reasonableness." *Id.* at 688. The prejudice prong requires demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Furthermore, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689.

### a.    Ground One

Cowan argues that he was denied  effective assistance of counsel in the trial court when the trial judge refused to appoint new counsel upon his request.  Cowan raised this ineffective assistance claim on direct appeal, and the state appellate court determined:

> {¶ 15} "The right to appointed counsel entitles a defendant to competent, effective legal representation, not the counsel of the defendant's choice or an attorney with whom the defendant can have a harmonious relationship." *State v. Taylor,* 6th Dist. Lucas No. L-12-1037, 2013-Ohio-3066, ¶ 6, *citing Morris v. Slappy,* 461 U.S. 1, 13-14, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). "The defendant is entitled to new appointed counsel on constitutional grounds only upon a showing that there is a 'conflict of interest, a cessation of communication, or an irreconcilable conflict which would jeopardize the defendant's right to effective assistance of counsel and lead to an unjust verdict.'" *Id.* at ¶ 7, quoting *State v. Love,* 6th Dist. Lucas No. L-96-156, 1997 Ohio App. LEXIS 957, 1997 WL 133329, *4 (Mar. 21, 1997). "If there is no Sixth Amendment violation, substitution of counsel is solely within the discretion of the trial court." *Id.*, *citing U.S. v. Calabro,* 467 F.2d 973, 986 (2d Cir.1972).

> {¶ 16} We review the trial court's decision relating to the substitution of counsel for an abuse of discretion. *State v. Jones*, 91 Ohio St.3d 335, 343, 2001 Ohio 57,

744 N.E.2d 1163 (2001).  "Factors to consider in deciding whether a trial court erred in denying a defendant's motion to substitute counsel include 'the timeliness of the motion; the adequacy of the court's inquiry into the defendant's complaint; and whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense.'" *Id.* at 342, *quoting U.S. v. Jennings*, 83 F.3d 145, 148 (6th Cir. 1996).

{¶ 17} In support of his assignments of error, appellant points to the protestations in his letter that counsel was not pursuing his avenues of defense and was not explaining the legal process to him as evidence of a total lack of cooperation and trust between himself and counsel.  Further, he notes that counsel herself asserted that appellant's request created a conflict of interest and an irreversible breakdown in the attorney-client relationship.

{¶ 18} In denying appellant's motion, the trial court reasoned that none of the matters raised by appellant indicated any substantial issues.  In addition, the court found that counsel had zealously represented appellant, and that it believed counsel would continue to do so.  The court also noted that, from the date of arraignment, appellant had cooperated with his attorney—a span that included three different pretrial conferences resulting in a plea offer removing the major drug offender specification—and nothing in the record suggested otherwise until the court received appellant's letter one week before trial.  Thus, the court concluded that the request was unreasonable, and was a tactic to continue the trial date.

{¶ 19} We do not find that the trial court's decision was unreasonable, arbitrary, or unconscionable.  The court examined appellant's purported reasons for terminating counsel, which vaguely referred to counsel's failure to "verify some parts of my defense" or "pursue certain avenues of defense," and did not find them to be credible when considering that the trial date had been set for almost four months and appellant waited until a week before trial to raise the issue.  Moreover, the court found that counsel had zealously represented appellant and could continue to do so.  Therefore, we hold that the trial court's determinations that the request was a delay tactic and appellant did not demonstrate sufficient reasons for new counsel were supported by the record, and the court's decision to deny the motion was not an abuse of discretion.

The state court of appeals' decision did not contradict or unreasonably apply clearly established federal law, as determined by the Supreme Court of the United States.  To the contrary, the court of appeals properly applied *Strickland* and reasonably determined that the trial court's refusal to appoint new counsel before trial did not deprive Cowan of his constitutional right to effective counsel.  Nor was the state court's decision based on an unreasonable

24

determination of the facts in light of the evidence presented in the state court proceeding. The last state court decision considering Cowan's argument reasonably applied the appropriate federal law. Even if this court might have ruled differently and appointed replacement counsel, we cannot conclude that the trial court deprived defendant of effective assistance of counsel by refusing to do so. The state court's decision must be upheld because it involved a reasonable application of *Strickland.*

Cowan's Ground One claim also raises a number of alleged errors that counsel made during his trial. Some of these arguments were not raised in state court. Arguably, he attempted to raise some of these arguments when he filed a *pro se* appeal in the Ohio Supreme Court and in his App. R. 26(B) motion to reopen his direct appeal. In denying Cowan's motion to reopen his appeal, the Ohio Court of Appeals determined, contrary to Cowan's arguments, that the trial attorney had raised the defense of duress at trial and that many of Cowan's complaints related to trial tactics and strategies that did not constitute ineffective assistance of counsel. The Ohio Court of Appeals cited *State v. Clayton,* 62 Ohio St.2d 45, 49, 402 N.E.2d 1189 (1980), which cited *State v. Lytle,* 48 Ohio St. 391, 396, 358 N.E.2d 623 (1976). This is consistent with Supreme Court precedent. *See Harrington v. Richter,* 562 U.S. 86, 107, 131 S. Ct. 770, 789, 178 L. Ed. 2d 624, 644, (2011, citing *Knowles v. Mirzayance,* 556 U.S. 111, 125-126, 129 S. Ct. 1411, 173 L. Ed. 2d 251; *Rompilla v. Beard*, 545 U.S. 374, 383, 125 S. Ct. 2456, 162 L. Ed. 2d 360 (2005); *Wiggins v. Smith*, 539 U.S. 510, 525, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003); *Strickland*, 466 U.S., at 699, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Thus, Cowan has not shown that any of these alleged errors deprived him of effective assistance of counsel or that the state court's rejection of these arguments was inconsistent with or an unreasonable application of federal law.

In addition to being barred by the statute of limitations, Cowan's Ground One claims are both

procedurally defaulted and lacking merit.  I recommend that Ground One be dismissed.

### b. Ground Two

Cowan's Ground Two claim asserts that the state presented evidence of prior bad acts and

defense counsel did not object.  ECF Doc. 1 at 7.  Cowan raised part of this argument on direct

appeal[7]; and the Ohio Court of Appeals determined:

> {¶ 21} In his fourth assignment of error, appellant argues that the trial court erred
> when it allowed the state to question appellant on his prior felony conviction for
> drug trafficking.
>
> {¶ 22} "The trial court has broad discretion in the admission and exclusion of
> evidence and unless it has clearly abused its discretion and the defendant has been
> materially prejudiced thereby, this court should be slow to intervene." *State v.
> Hymore,* 9 Ohio St.2d 122, 128, 224 N.E.2d 126 (1967).
>
> {¶ 23} Evid. R. 609(A)(2) provides that for the purpose of attacking the
> credibility of a witness,
>
>> evidence that the accused has been convicted of a crime is
>> admissible if the crime was punishable by death or imprisonment
>> in excess of one year pursuant to the law under which the accused
>> was convicted and if the court determines that the probative value
>> of the evidence outweighs the danger of unfair prejudice, of
>> confusion of the issues, or of misleading the jury.
>
> Evid. R. 609(B) imposes a time limit on the evidence, and states that evidence of
> a conviction is not admissible if a period of more than ten years has elapsed since
> the later of the "date of the conviction or of the release of the witness from the
> confinement, or the termination of community control sanctions, post-release
> control, or probation, shock probation, parole, or shock parole imposed for that
> conviction."
>
> {¶ 24} Here, appellant does not contest that the prior conviction was within the
> time parameters of Evid. R. 609(B). Rather, appellant contends that the probative
> value of the evidence was outweighed by the danger of unfair prejudice since it
> allowed the jury to conclude that because he had been convicted of trafficking in
> the past, he must be guilty of trafficking in this case.  The state, on the other hand,

---

[7] Cowan argued on direct appeal that the trial court abused its discretion in admitting the
evidence over trial counsel's objection.  ECF Doc. 8-1 at 88.

argues that while the evidence of appellant's prior conviction was prejudicial, it was not unfairly so in light of appellant's duress defense.  We agree with the state.  Appellant's defense was that he only committed the instant offense out of immediate fear for the safety of his family.  In that context, we find that evidence of a prior conviction for drug trafficking holds significant probative value regarding the truth of appellant's testimony as to whether he was subject to duress.  Therefore, we hold that the trial court did not abuse its discretion in admitting the evidence of appellant's prior conviction.

{¶ 25} Accordingly, appellant's fourth assignment of error is not well-taken.

*State v. Cowan*, 2015-Ohio-2101, ¶ 21-¶ 25.

Cowan is incorrect in arguing that trial counsel failed to object to the admission of evidence regarding his prior conviction.  The trial transcript shows that this objection was raised.  ECF Doc. 8-2 at 540-544.  Moreover, state court factual findings are presumed correct unless rebutted by clear and convincing evidence.  Cowan has not presented any evidence to rebut the presumption.  To the extent Cowan argues that his counsel was ineffective for failing to object, his argument lacks merit.

Regarding his argument that the trial court abused its discretion in admitting evidence of his prior conviction, the Ohio Court of Appeals decision did not contradict or unreasonably apply clearly established federal law, as determined by the Supreme Court of the United States.  To the contrary, the court of appeals did not apply any federal law to this argument because it did not raise a federal issue.  Claims alleging only violations of state law are not cognizable upon federal habeas review and must be dismissed on that basis unless a fundamental violation of petitioner's due process rights has occurred.  "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state

27

law."); *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process." (Citation omitted)).

"[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle*, 502 U.S. at 67-68). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). It is well-settled that issues involving the alleged improper admission of evidence, such as purportedly prejudicial testimony, are not usually cognizable in a federal habeas matter since they only involve the application of state law. *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983). Even if the state court made errors in the application of state law, no cognizable issue arises unless there has been a denial of fundamental fairness. *Wilson v. Sheldon*, 874 F.3d 470, 475 (6th Cir. 2017).

State court rulings on issues of state law may "rise to the level of due process violations [if] they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)). They must be "so egregious that [they] result in a denial of fundamental fairness." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). Fundamental fairness under the Due Process Clause is compromised where "the action complained of . . . violates those 'fundamental conceptions of justice which lie at the base of our civil and political institutions,' . . . and which define 'the community's sense of fair play and decency.'" *Dowling v. United States*, 493 U.S. 342, 352 (1990) (internal citations omitted). Courts, therefore, "'have defined the category of infractions that violate 'fundamental fairness' very narrowly.'" *Id*. (quoting *Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993)).

Here, the trial court admitted evidence of a prior drug-related conviction because Cowan claimed that he was trafficking due to duress.  ECF Doc. 8-2 at 543-544.  The fact that he had a prior drug-related conviction was relevant to the merit of his duress defense.  The trial court explained its reasoning on the record, and its ruling was not so egregious as to deny fundamental fairness.  *Id.*

In addition to being barred by the statute of limitations, Cowan's Ground Two claim is procedurally defaulted, presents only a non-cognizable issue on habeas review and lacks merit.  I recommend it be dismissed.

## V.      Recommendation Regarding Certificate of Appealability

### A.      Legal Standard

As amended by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability.  The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.  Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'"  *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999)

(quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)); *accord Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000). The statute requires that certificates of appealability specify which issues are appealable. 28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks the requirement of § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a). In light of the Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

### B. Analysis

Where, as here, a petition is to be dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such cases, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 486.

If the Court accepts the foregoing recommendations concerning the statute of limitations, non-cognizability and procedural default, Cowan would not be able to show that the court's rulings on the procedural questions are reasonably debatable.  As noted above, Cowan has not provided any basis for concluding that he is entitled to a delayed commencement of the limitations period under § 2244(d)(1)(B), (C) or (D), that he is entitled to statutory tolling under § 2244(d)(2) beyond what the undersigned is recommending, or that he is entitled to equitable tolling.  Nor has he submitted new, reliable evidence demonstrating that his is the rare petition which should be granted habeas review, despite its untimeliness, because he is actually innocent. Thus, the resolution of the limitations issue is not reasonably debatable, and the Court should conclude that Cowan is not entitled to a certificate of appealability.  Similarly, the conclusions that Cowan fails to raise a federal issue and failed to fairly present his arguments to the highest state court in accordance with the procedural requirements of Ohio law cannot reasonably be debated.

**VI.    Recommendations**

Because Cowan's Ground One and Ground Two claims for relief are time barred, procedurally defaulted, and lack merit and/or present non-cognizable issues, I recommend that the court DENY grounds for relief under 28 U.S.C. § 2254 and DISMISS his petition.  I further recommend that Cowan not be granted a certificate of appealability.


Dated: April 16, 2019

Thomas M. Parker
United States Magistrate Judge

31

_____

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).